STORER BROADCASTING COMPANY,
Petitioner,

v.

UNITED STATES of America
and
Federal Communications Commission,
Respondents.

No. 12065.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 26, 1956.

Decided Dec. 31, 1956.

Mr. Albert R. Connelly, New York City, with whom Messrs. Thomas H. Wall, Washington, D. C., and George B. Turner, New York City, were on the brief, for petitioner. Messrs. Fred W. Albertson and Clair L. Stout, Washington, D. C., also entered appearances for petitioner.

Mr. Warren E. Baker, Gen. Counsel, Federal Communications Commission, with whom Messrs. J. Smith Henley and

Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, Daniel R. Ohlbaum, Counsel, Federal Communications Commission, and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for respondents. Messrs. J. Roger Wollenberg, and Richard J. Snider, Counsel, Federal Communications Commission, at the time record was filed, also entered appearances for respondent, Federal Communications Commission. Mr. Charles H. Weston, Atty., Dept. of Justice, also entered an appearance for respondent, United States.

Before PRETTYMAN, WILBUR K. MILLER, and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

This case is now before us on the remand ordered by the Supreme Court in reversing our decision of February 24, 1955,[1] wherein we held invalid a provision of the Federal Communications Commission's Multiple Ownership Regulations. United States v. Storer Broadcasting Co., 1956, 351 U.S. 192, 76 S.Ct. 763. Under the terms of this provision, consideration is denied "in any event" to an application filed by one who already holds a certain number of station licenses.[2] The Supreme Court held, in effect, that the denial was not absolute, and hence not fatal, because the Commission rules furnished opportunity to seek changes, waivers, or exceptions with respect to any Commission rule, regulation or requirement. It "read the Act and Regulations as providing a 'full hearing,'" 351 U.S. at page 205, 76 S.Ct. at page 771, and remanded the case to this court to "consider [petitioner's] other objections to the Multiple Ownership Rules."

Id., 351 U.S. at page 206, 76 S.Ct. at page 772.

Since the Supreme Court held that "the Multiple Ownership Rules, *as adopted*, are reconcilable with the Communications Act [47 U.S.C.A. § 151 et seq.] as a whole," id., 351 U.S. at pages 203–204, 76 S.Ct. at page 770 (emphasis supplied), the issues before us are narrowly limited. We agree with the Commission that no more than the following two objections of invalidity are now open for our consideration: (1) the particular numerical limitations in the rules, and (2) the one per cent ownership provision.

■ With respect to the specific numerical limitations on station licenses, taking television as an example, the Commission said, "The * * * rules continue in effect the existing limitation on TV station ownership which, in our judgment based on extensive experience with the problems of multiple ownership, have proven practicable and desirable."[3] Our attention has not been drawn to any matters which outweigh this judgment based upon "accumulating insight." Federal Communications Comm. v. R. C. A. Communications, Inc., 1953, 346 U.S. 86, 96, 73 S.Ct. 998, 97 L.Ed. 1470. Hence it may not be upset.

■ Petitioner's attack upon the so-called "one per cent rule" fails because (1) petitioner has not shown that any injury has resulted or will certainly result therefrom; (2) petitioner can always apply to the Commission for relief from any hardship; and (3) under the "one per cent rule," interests of less than that amount "need [not] be considered," but interests of more than that amount do not necessarily constitute "control."

Petition to vacate order is dismissed.

1. Storer Broadcasting Co. v. United States, 1955, 95 U.S.App.D.C. 97, 220 F.2d 204.

2. When this petition for review was filed, the maximum number was five for television stations, 47 C.F.R. § 3.636, but the rule has since been amended to permit a total of seven stations, two of which, however, must be UHF stations. 19 Fed. Reg. 6099. The maximum number of standard broadcast and FM stations is seven each. 47 C.F.R. §§ 3.35 and 3.240.

3. Similar considerations of experience, coupled with a design to avoid undue disruption of existing station ownership, were the basis of the AM and FM rules.